UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEE E. VANGUNDY,

          Plaintiff,

                                  17-CV-0024(LJV)
                                  ORDER
     v.

S. HAQUE, Pharmacy; SUSAN KICKBUSH, Superintendent Gowanda CF; B. LEWIS, Adm Nurse; and JOHN DOE, (Doctor) MD,

          Defendants.

---

## INTRODUCTION

The plaintiff, Lee E. Vangundy, is a prisoner confined at Gowanda Correctional Facility. He has submitted to this Court a pro se complaint asserting a claim of deliberate indifference pursuant to 42 U.S.C. § 1983. Docket Item 1. The plaintiff did not pay the required filing fee, but he did submit an application to proceed *in forma pauperis* (that is, as someone who should have the prepayment of the ordinary filing fee waived because he or she cannot afford it). Docket Item 2. The application, however, did not include a certified account statement or a completed Prison Certification Section, one of which is required by 28 U.S.C. § 1915(a)(2).

As provided below, the Clerk of Court is ordered to administratively terminate this action. If the plaintiff wishes to re-open this case, he must notify this Court in writing **within 30 days of the date of this order** and include either (1) the $350.00 filing fee

and the $50.00 administrative fee ($400.00 total) or (2) an *in forma pauperis* application, properly supported by affidavit or affirmation along with the completed and signed certification of the plaintiff's inmate trust fund account.[1]

## DISCUSSION

A party commencing a civil action in this Court ordinarily must pay a $350.00 filing fee as well as a $50.00 administrative fee.[2] *See* 28 U.S.C. § 1914; Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule;[3] Western District of New York, District Court Schedule of Fees.[4] If a "prisoner" (as defined in 28 U.S.C. § 1915(h)) wishes to commence a civil action, the prisoner must either (1) pay those fees or (2) obtain permission to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

### I. Requirements for *In Forma Pauperis* Application

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996), which amended 28 U.S.C. § 1915, established certain requirements that a

---

[1] The United States District Court for the Western District of New York has made available a form motion to proceed *in forma pauperis* with supporting affirmation that is designed to help pro se litigants (such as the plaintiff here) comply with the requirements of 28 U.S.C. § 1915. This Court has ordered that a form motion to proceed *in forma pauperis* with supporting affirmation and "Prison Certification Section" be mailed to the plaintiff. These and other forms are available at <http://www.nywd.uscourts.gov/pro-se-forms>.

[2] Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at <http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us>. But this additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*. *See generally id.*

[3] Available at <http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule>.

[4] Available at <http://www.nywd.uscourts.gov/fee-schedule>.

2

prisoner must meet in order to proceed *in forma pauperis*. Those requirements are summarized below.

### A. Supporting Affidavit or Affirmation

Under 28 U.S.C. § 1915(a)(1), a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit or affirmation detailing the prisoner's assets and liabilities and swearing under oath that the prisoner is unable to pay the $350.00 filing fee. A motion to proceed *in forma pauperis* should be supported by such an affidavit or affirmation filed at the same time as the complaint. *Id.*

The plaintiff's motion to proceed *in forma pauperis* included a completed affirmation filed at the same time as the complaint, and so it complied with this requirement. *See* Docket Item 2 at 1-2.

### B. Certification of Inmate Trust Fund Account

Under 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed *in forma pauperis* also must submit a certified copy of the prisoner's inmate trust fund account statement (or an institutional equivalent) for the six months immediately before the prisoner's complaint was filed. A prisoner must obtain this certified account statement from the appropriate official at each correctional facility where the prisoner was confined during that six-month period. *Id.* Alternatively, the prisoner may have prison officials complete and sign the "Prison Certification Section" of the Court's form motion to proceed *in forma pauperis*. The "Prison Certification Section" is the institutional equivalent of a prisoner's trust fund account statement whereby prison officials provide the information required by 28 U.S.C. § 1915(a)(2).

In this case, the plaintiff's application to proceed *in forma pauperis* did not include a certified account statement or a completed "Prison Certification Section." *See* Docket Item 2 at 2.

### C. Authorization Form

A prisoner seeking to proceed *in forma pauperis* also is required to submit a completed and signed prisoner authorization form permitting the prisoner's institution of confinement to pay—over time, if necessary—the $350.00 filing fee from the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(1)-(4). In other words, even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full $350.00 filing fee in installments. *See id.* § 1915(b)(1)-(2). The initial payment will be 20 percent of the average monthly deposits to the prisoner's account or 20 percent of the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *See id.* § 1915(b)(1). For each month after that, as long as the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner will deduct from the prisoner's account and forward to the Clerk of Court an installment payment equal to 20 percent of the preceding month's income that was credited to the prisoner's account. *See id.* § 1915(b)(2). Those payments continue until the $350.00 fee is paid in full. *Id.*

The plaintiff here did submit a signed prisoner authorization form along with his motion to proceed *in forma pauperis*, and so his application complied with this requirement. *See* Docket Item 2 at 3.

## II. ADMINISTRATIVE TERMINATION OF THIS ACTION

In sum, the plaintiff did not pay the $350.00 filing fee or the $50.00 administrative fee that ordinarily is required to commence a civil action, nor did he complete and sign the certification of his inmate trust fund account, *see id.* § 1915(a)(1)-(2). Therefore, the Clerk of Court shall administratively terminate this action,[5] without filing the complaint or assessing a filing fee, as ordered below. As also ordered below, the plaintiff is granted leave to re-open this action no later than 30 days from the date of this order.

## III. MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff also has filed a motion for appointment of counsel. *See* Docket Item 4. He appears to make this request in order to have counsel evaluate whether his claims have merit and assist in other administrative matters. *See id.* at 4.

Under 28 U.S.C. § 1915(e)(1), the court may, but is not required to, appoint counsel to assist indigent litigants in civil cases. *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir.1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The court first should consider whether the complaint makes "a threshold showing of some likelihood of merit." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). If so, the court should consider other relevant factors, including "the indigent's ability to

---

[5] Administrative termination is not a dismissal for purposes of the statute of limitations. Rather, if the case is re-opened pursuant to the terms of this order, it is not subject to the statute of limitations time bar as long as it originally was timely filed. *See McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996) ("... [W]e deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis*."); *see also Houston v. Lack*, 487 U.S. 266 (1988) (articulating the prisoner mailbox rule for purposes of timely filing).

investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason" warranting the appointment of counsel. *Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62). Each case should be determined on its own facts, and no single factor is controlling. *Hodge*, 802 F.2d at 61; *see also Hendricks*, 114 F.3d at 394 (stating that the relevant factors "really amount to evaluating [the plaintiff's] ability to manage his case effectively on his own").

As noted above, the plaintiff's complaint will not be filed because he did not pay the $350.00 filing fee or the $50.00 administrative fee. Therefore, the Court cannot determine whether his claims show a likelihood of merit or whether the other factors noted above favor appointing counsel. The plaintiff's motion for the appointment of counsel therefore is denied without prejudice to renewal.

## IV. DEFERMENT OF SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2), 1915A

This Court is required to screen civil actions filed by prisoners and dismiss them if they: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; *see also* 42 U.S.C. § 1997e(c) (dismissal of prisoner actions brought with respect to prison conditions). Relatedly, if a prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed because it was frivolous or malicious, or because it failed to state a claim upon which relief may be granted, he will not be permitted to bring

another action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because the plaintiff did not properly commence this action, this Court will defer the mandatory screening process until and if this case is re-opened. If this action is re-opened and then dismissed, installment payments of the filing fee pursuant to 28 U.S.C. § 1915 will not be suspended, and the prisoner will not be permitted to obtain a refund of the filing fee or any part of it that he already has paid.

## ORDER

Based on the above, it is hereby

ORDERED that the Clerk of Court shall administratively terminate this action, without filing the complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of Court is directed to send to the plaintiff a form motion to proceed *in forma pauperis* with supporting affirmation and "Prison Certification Section"; and it is further

ORDERED that if the plaintiff wishes to re-open this action, he shall so notify the Court, in writing, no later than **30 days from the date of this order**. This writing must include either (1) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total) or (2) an *in forma pauperis* application, properly supported by affidavit or affirmation along with the completed and signed certification of the plaintiff's inmate trust fund account; and it is further

ORDERED that upon the plaintiff's submission of either (1) the $350.00 filing fee and the $50.00 administrative fee ($400.00 total) or (2) an *in forma pauperis* application, properly supported by affidavit or affirmation along with the completed and signed

certification of the plaintiff's inmate trust fund account, the Clerk of Court shall re-open this case; and it is further

ORDERED that the plaintiff's motion for the appointment of counsel is denied without prejudice to renewal.

SO ORDERED.

Dated:   January 20, 2017
         Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE